UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 FEB -7 PM 1:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **AMERISURE INSURANCE COMPANY, a corporation,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Civil Action No. CV-97-PWG-3119-S** |
| **COSTON CONSTRUCTION CO., INC., et al.,** | ) | |
| **Defendants.** | ) | |

ENTERED
FEB - 8 2002

**MEMORANDUM OPINION**

This action is before the court for consideration of plaintiff's objection to Magistrate Judge Paul W. Greene's findings and recommendation (doc. nos. 43 and 42, respectively). In this action for a declaratory judgment, Magistrate Judge Greene found that plaintiff, an insurer of defendant Coston Construction Co., Inc. ("Coston"), had a duty to defend Coston in underlying state court actions and arbitration of those claims. In those proceedings,[1] Riverchase Office Partners and its general partners, Susan K. Kearney and J. Brooke Johnston, Jr., individually, asserted breach of contract and tort claims against Coston.

Plaintiff has filed an objection to the magistrate judge's findings and recommendation, and asks this court to consider the following issues: "(1) whether a Partnership can suffer 'bodily injury' as defined in a policy of insurance so as to trigger a duty to defend; and (2) whether a claim for mental anguish was properly plead [sic] or proved so as to trigger a duty to defend."[2] Coston maintains that those issues are irrelevant to the determination of whether plaintiff had a duty to

[1]The arbitration was initiated by Coston pursuant to a construction contract, and was conducted before the American Arbitration Association. The magistrate judge set forth the relevant procedural history in his findings and recommendation.

[2]Plaintiff's Objection to Magistrate Judge's Findings and Recommendation (doc. no. 43), at 1.



defend, and that they amount, instead, to defenses to the actual claims asserted against it.

The court concludes that plaintiff's objection is without merit. It is not necessary for the court to decide the first issue — whether a partnership can suffer bodily injury — as it is clear from the pleadings filed by Riverchase Office Partners, Kearney, and Johnston in the state court and arbitration proceedings that tort claims were asserted by the general partners of Riverchase Office Partners, as individuals. Even if that were not the case, however, plaintiff's argument is a defense to the underlying legal claims, rather than a defense to its failure to defend Coston.

As to the second issue, plaintiff contends that "[b]ased on a full reading of Count III of the counterclaim and Counts V and VI of the amended counterclaim, it is quite clear that nowhere have the counter-claimants made a claim for emotional distress or mental anguish on [sic] any other form of 'bodily injury' or 'property damage' resulting from the alleged wrongs set forth in those counts."[3] It is clear, however, that Riverchase Office Partners, Kearney, and Johnston sought compensatory damages, which can include damages for emotional distress, for Coston's alleged intentional *or negligent* conduct.[4] Moreover, plaintiff's assertion it had no duty to defend because Coston prevailed in the arbitration is without merit. *See Ladner & Company, Inc. v. Southern Guaranty Insurance Co.*, 347 So.2d 100, 102 (Ala. 1977) ("If the allegations of the injured party's complaint show an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend regardless of the ultimate liability of the insured.").

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation of the magistrate judge and the objection filed by plaintiff, the

[3] *Id.* at 11.

[4] *See, e.g.*, Attachment to Complaint (doc. no. 1), Counterclaim of Riverchase Office Partners, J. Brooke Johnston, Jr., and Susan K. Kearney against Coston Construction Co., Inc., Count III at ¶ 16; Defendants Coston Construction Company and Kenneth C. Coston's Motion for Summary Judgment (doc. no. 19), Exs. G & H.

court is of the opinion that the plaintiff's objection should be overruled.

A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 7th day of February, 2002.

United States District Judge